Victor B. Baer, Appellant, *v.* Toys and Novelties Publishing Company and Others, Respondents.

Second Department, June 1, 1926.

Master and servant — contract of employment — action for breach of five-year contract employing plaintiff as advertising salesman for defendants' magazines — contract provided that plaintiff would annually increase business stated per cent and that ratio of increase between two territories would be maintained — defendants breached contract when they dismissed plaintiff for failure to maintain ratio of increase during single month.

A five-year contract of employment, entered into by the plaintiff with the defendants, for the employment of the plaintiff as advertising salesman of defendants' magazines, under the terms of which the plaintiff agreed to increase the annual volume of business by a stated per cent and to maintain a ratio of increase in business as between two territories, is construed to mean that the increase in business must be determined for the purposes of the contract on the yearly business produced by the plaintiff.

Accordingly, the defendants breached the contract when they dismissed the plaintiff on the ground that he had failed to maintain the ratio of increase between the two territories for a single month.

Appeal by the plaintiff, Victor B. Baer, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Nassau on the 6th day of April, 1925, upon the dismissal of the complaint at the close of the case.

*Maurice Brandt,* for the appellant.

*H. Aplington,* for the respondents.

Jaycox, J. The plaintiff sued to recover damages for an alleged breach of contract. The contract between the parties consists of letters exchanged between them, upon some of which formal acceptances have been noted and the others state terms and modifications which are accepted in other letters. It is admitted that the defendants have terminated the contract before its expiration, and they claim they had the right so to do under the terms of an option contained therein. The defendants are publishers of several magazines, and the plaintiff was employed to sell advertising space in these publications. The term of his employment was to begin on December 1, 1922, and terminate December 31, 1927. The plaintiff was to be paid a commission upon the advertising procured by him.

The following provisions of the contract are the only ones involved in this action and are contained in a letter written by the plaintiff to the defendants and accepted by them:

" I agree to obtain a volume of business from the above-mentioned territory for the year beginning January 1, 1923, which shall provide a return for you of 10% in excess of the volume of business obtained by you from said territory in the year ending December 31st, 1922. In the event I fail to effect said increase, you may at your option, upon written notice to me, cancel this contract and the contract shall thereupon be abrogated and null and void excepting only your obligations to pay me such commissions as I have earned that may be unpaid for the month of December, 1923, minus a proper reservation by you for questionable or uncollected accounts for business obtained during the year.

" I further agree to obtain for you an increase in the volume of business from the aforementioned territory at least equal in proportion to the increase in the volume of business obtained by you from your Western territory during the year beginning January 1st, 1923, and in the event I fail to obtain said increase, you may avail yourself of the above-mentioned option as above set forth.

" I furthermore agree to maintain this proportion of increase in the relative volume of business between East and West during the term of my contract; otherwise you may at your option cancel this contract in the manner above set forth. In any event, I agree to increase the volume of your business from the above-mentioned territory so that on December 31st, 1923, you will have received from the aforementioned territory at least 10% in excess of the business received by you from said territory in the year ending December 31st, 1922, and at the end of the year 1924, 17 1/2%, and at the end of the year 1925, 25%, and at the end of the year 1926, 32 1/2%. In the event I fail to do so, you have the option to cancel as hereintofore provided; furthermore, during this entire period, the ratio of increase in business as between East and West must be maintained." The dates in the last paragraph quoted from the contract have been corrected in accordance with the defendants' letter of acceptance.

The defendants terminated the contract by notice, dated February 16, 1924, reading as follows:

" We desire to call your attention to the fact that under the agreement entered into with you on November 25th, 1922, you agreed among other things: ' To maintain this proportion of increase in the relative volume of business between east and west during the term of my contract; otherwise, you may at your option cancel this contract in the manner above set forth.'

" You are hereby notified that upon an examination of the books, we find that during the month of January, 1924, you did not maintain this proportion of increase in the relative volume

of business between east and west, according to the terms of your contract, and we therefore exercise our option to cancel the said contract of November 25, 1922, and you are hereby so notified."

The court at Trial Term held that the cancellation of the contract was within the terms of the option to cancel reserved therein and dismissed the complaint. If the plaintiff agreed to maintain the proportion of increase in the relative volume of business between east and west during monthly periods, then the cancellation of the contract is justified. If, however, this increase was to be measured by yearly periods, the defendants had no right, under the terms of the contract, to cancel it and the plaintiff would be entitled to recover.

The defendants claim that the language quoted in the notice of cancellation and the following provision of the contract justify the construction that has been placed upon it. This further provision reads: " furthermore, during this entire period, the ratio of increase in business as between East and West must be maintained." The defendants also claim that the provision by which the defendants were to render to the plaintiff monthly statements of the business running in their publications and the payment of commissions monthly, indicated that these computations, upon which the option was based, were to be made monthly. With these conclusions I am unable to agree. Standing by themselves they are quite persuasive, but when read in connection with the other provisions of the contract I think they can be given no such construction. In the provisions in relation to increases of business and the right to exercise the option monthly periods are not mentioned and none of the computations are to be made on a monthly basis. The first provision in relation to the increase of business is an agreement by the plaintiff to increase the business during the year 1923 ten per cent over the business for the year ending December 31, 1922. Following this is the option. In it the defendants are authorized to terminate the contract if the plaintiff fails " to effect said increase; " that is, the increase of the year 1923 over the year 1922. The next provision of the contract relates to the increase of business in the plaintiff's territory over the western territory, and in it the plaintiff agrees to obtain an increase in the volume of business in his territory equal to the increase in volume of the business obtained by the defendants from their western territory during the year beginning January 1, 1923, and if plaintiff fails to obtain this increase the defendants may avail themselves of the option, above mentioned, to terminate the contract. It will be noted here that this is a provision for measuring

the increase during annual periods. It will also be noted that it is a provision for one year only. The contract then further provides that the plaintiff is to maintain this proportion of increase in the relative volume of business between east and west during the term of the contract, and again authorizes the defendants to cancel the contract in accordance with the terms of the option quoted above. These provisions, therefore, do two things. They fix a yearly period for the computation of relative increases and authorize a termination of the contract at the end of the year and not at any other time.

The contract then provides for the payment of increased commissions. These increases are to be computed on the increase of business during the year ending December 31, 1924, as compared with the year ending December 31, 1923, and at the end of the year 1925, and at the end of the year 1926. So that, down to this point, by every provision of the contract in relation to the increase of business over that previously done in the plaintiff's territory or done in his territory compared with the western territory, the computations are to be made yearly. Then follows this provision: " In the event I fail to do so, you have the option to cancel as hereintofore provided; furthermore, during this entire period, the ratio of increase in business as between East and West must be maintained." The first clause of this sentence relates to the increases, which have just been discussed in the contract, and these are the increases in the territory comparing the current year with the preceding year. The last clause, however, of the sentence relates to the increases in the plaintiff's territory as compared with the increases in the western territory. Previous to this the contract had provided in regard to increase in the plaintiff's territory as compared with the western territory for the year beginning January 1, 1923, and this provision, which I have just quoted, was intended to extend the previous provision to the entire period covered by the contract. As the previous provision related to annual increases, so does this provision. To construe this contract in any other way, it seems to me, would place the plaintiff entirely at the mercy of the defendants. The defendants are required to furnish monthly statements of the business done in these territories. Of course, these statements can only be rendered at the end of the month. Therefore, at the end of every month the plaintiff would be subject to discharge if he had not increased his business ten per cent over an unknown quantity. It seems to me that the contract should not be so construed as to subject the plaintiff to such uncertainties as would be the result of the construction contended for by the defendants.

The judgment dismissing the complaint should be reversed upon the law, and a new trial granted, with costs to abide the event.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Judgment dismissing complaint reversed upon the law, and a new trial granted, costs to abide the event.